IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Crim. No. PX-19-029** |
| **CLEVELAND DARNELL COPELAND** | * | |

* * * * *

## SECOND MOTION TO SEVER DEFENDANTS

Defendant Cleveland Darnell Copeland, through undersigned counsel, hereby moves this Honorable Court to sever his trial from the trial of his remaining co-defendant, Tony Lamont Herrion, pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a). In support of this motion, Mr. Copeland states the following.

### PROCEDURAL BACKGROUND

Cleveland Darnell Copeland and three co-defendants were charged in a four-count indictment on January 23, 2019. Count One charged all four defendants with conspiracy to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of both heroin and fentanyl, in violation of 21 U.S.C. § 846. The remaining three counts separately charged Mr. Copeland and two co-defendants, Ronnie Lee Myers and Antonio Holmes, with possession of a firearm by a person previously convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. § 922(g)(1). The indictment was unsealed as to defendants Copeland, Myers, and Holmes on April 29, 2019. However, the indictment remained sealed as to defendant Herrion until December 13, 2019, when he made an initial appearance before a magistrate judge.

1

On December 16, 2019, Mr. Copeland filed a motion to sever his trial from the trials of his codefendants (ECF 101). The government opposed this motion (ECF 112). A hearing was held on this motion and others on January 13, 2020. The Court denied without prejudice the motion to sever defendants, stating:

> But I'm not sure that severance now where the presumption is if co-conspirators are indicted together, they are tried together, that I have enough to sever. That's not saying, you know, I won't reconsider it. I just don't have enough right now.

Transcript of Motions Hearing (Jan. 13, 2020), at 99:23-100:2.

Circumstances have changed significantly since the Court ruled on Mr. Copeland's initial motion to sever defendants. In particular, two of Mr. Copeland's three codefendants—Mr. Myers and Mr. Holmes—have both pleaded guilty. *See* ECF 180 (Holmes guilty plea, October 26, 2020); ECF 211 (Myers guilty plea, March 18, 2021). Thus, the only remaining codefendant is Mr. Herrion. Mr. Copeland is not alleged to have engaged in any drug transactions with Mr. Herrion or even to have had any interaction whatsoever with Mr. Herrion. In light of the guilty pleas of Mr. Myers and Mr. Holmes, there is no longer a basis for a joint trial in this case.

## ARGUMENT

Two rules are relevant to the Court's consideration of whether defendants Copeland and Herrion are properly joined for trial: Federal Rules of Criminal Procedure 8(b) and 14(a). Rule 8(b), entitled "Joinder of Defendants," provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

Rule 14(a) provides that even when joinder is proper under Rule 8, severance may be warranted if a joint trial would prejudice any party:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

We respectfully submit that severance is required here under both rules.

### Rule 8(b)

Defendants Copeland and Herrion are not properly joined for trial because they are not "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Although both are charged in a single conspiracy count, the government's evidence reveals no direct link between Mr. Copeland and Mr. Herrion. The only point of connection appears to be the government's allegation that Mr. Myers supplied drugs to each of them, separately, on different dates. This allegation is not sufficient to support a joint trial of defendants Copeland and Herrion.

The Fourth Circuit has repeatedly held that the involvement of a common third party is not sufficient to join two defendants under Rule 8(b). In *United States v. Whitehead*, 539 F.2d 1023 (4th Cir. 1976), the court held that two defendants were improperly joined for trial, where the only connection was that both participated in separate drug transactions with a common third defendant and that both lived in the same apartment building. The court stated:

> We hold that two defendants, who engage separately and without concert of purpose in independent crimes of the same nature, and who therefore may not be consolidated in an indictment under Rule 8(b), cannot be consolidated for trial under Rule 13, despite the fact that said independent crimes each involve a common third party.
>
> Where the only nexus between two defendants joined for trial is their participation in similar offenses, on different dates, with common third defendant, the "same transaction" or "series of transactions" test of Rule 8(b) is not satisfied and joinder is impermissible.

*Id.* at 1026.

The Fourth Circuit has continued to apply and extend its holding in *Whitehead* that the involvement of a common third party is not sufficient to establish a common scheme or plan for purposes of joinder under Rule 8(b).  For example, in *United States v. Chinchic*, 655 F.2d 547 (4th Cir. 1981), the court held that defendants charged with separate burglaries were not properly joined on the basis of common third parties.  The court reasoned:

> At most, the government showed that there were two burglaries involving some of the same defendants. This circumstance, however, without a showing that the burglaries were in other manner connected, cannot operate as the basis for joinder of defendants.
>
> Having found nothing in the record to support the government's theory of a common scheme or plan, we accordingly conclude that the joinder was impermissible under Rule 8(b).

*Id.* at 551 (citations and footnote omitted).

Citing *Whitehead* and *Chinchic*, the Fourth Circuit reaffirmed in *United States v. Jones*, 108 F.3d 1374 (4th Cir. 1997) (unpublished), that the involvement of a common third defendant in drug transactions is insufficient to support joinder under Rule 8(b).  The court explained:

> To join defendants in an indictment, the Government need not "show that each defendant participated in every act or transaction in the series," or charge each defendant in each count. *United States v. Santoni*, 585 F.2d 667, 673 (4th Cir. 1978).  However, it must provide evidence that all the drug sales were "so interconnected in time, place and manner as to constitute a common scheme or plan." *Id.*  The government failed to do so here.  Accordingly, the district court erred in refusing to grant [appellant's] motion for severance.

*Jones*, 108 F.3d 1374, at *3.

Here, as in *Jones*, the government has made no showing the drug transactions in which Mr. Copeland and Mr. Herrion allegedly engaged were "so interconnected in time, place and manner as to constitute a common scheme or plan."  Indeed, the government has shown no connection whatsoever between those transactions, except for the alleged involvement of Mr. Myers.  Accordingly, the two defendants are not properly joined under Rule 8(b) and should be tried separately.

4

## Rule 14(a)

Severance should be granted for the additional reason that a joint trial with Mr. Herrion would be unfairly prejudicial to Mr. Copeland, because it would result in the admission of a body of evidence that would not otherwise be admissible against Mr. Copeland.

Severance is required where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *accord United States v. Cardwell*, 433 F.3d 378, 387-88 (4th Cir. 2005). In *Zafiro*, the Supreme Court explained when such a risk might occur:

> ***Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant***. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. ***Evidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice***. See Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here.

506 U.S. at 539 (emphasis added) (citations omitted).

Here, Mr. Copeland will be unfairly prejudiced by a joint trial with Mr. Herrion because a joint trial will result in the admission of a great deal of evidence that is relevant only to Mr. Herrion. Moreover, if the jury concludes that Mr. Herrion was involved in drug activity with Mr. Myers, it is more likely to conclude that Mr. Copeland was as well (and vice versa), simply by virtue of the fact that they are standing trial together. In other words, a joint trial will make it more difficult for the jury to distinguish between the two defendants and assess their conduct individually. *See, e.g., United States v. Tarango*, 396 F.3d 666, 674 (5th Cir. 2005) (affirming grant of new trial where

5

defendant was tried alongside absent codefendant, noting: "we are troubled, just as the district court was, by the fact that the jury was permitted to hear a great deal of evidence that was inadmissible against Tarango"); *United States v. Baker*, 98 F.3d 330, 335 (8th Cir. 1996) (holding that denial of severance was erroneous "because evidence that the jury should not have considered against Baker and that would not have been admissible if Baker had been tried alone was admitted against Wheeler, Baker's co-defendant").

## CONCLUSION

For all of these reasons, Mr. Copeland respectfully moves this Honorable Court to sever his trial from the trial of codefendant Herrion pursuant to Rules 8(b) and 14(a) of the Federal Rules of Criminal Procedure.

Respectfully submitted,
JAMES WYDA
Federal Public Defender
  for the District of Maryland

_____/s/_____
MICHAEL T. CITARAMANIS
ELIZABETH G. OYER
Assistant Federal Public Defenders
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Telephone: (301) 344-0600
Fax: (301) 344-0019
E-mail: Michael_Citaramanis@fd.org
      Liz_Oyer@fd.org